IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-198-BO

| | |
|---|---|
| JACQUELINE C. MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court on the parties' Motions for Judgment on the Pleadings. For the reasons set forth below, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED. The decision below is AFFIRMED.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental social security income in February of 2000, alleging a disability onset date of September 15, 1996. Her application was denied initially and on reconsideration, and then once more in a written decision by an Administrative Law Judge ("the First ALJ"). In July of 2003, Plaintiff filed a second application, this time alleging that she had been disabled from May 21, 2003 onward. The second application was also denied at the initial and reconsideration levels. Plaintiff then timely requested and received a video hearing before another ALJ ("the ALJ"). The ALJ denied benefits in a written decision, and the Appeals Council further denied Plaintiff's request for review. This action followed, and Plaintiff and Defendant both moved for judgment on the pleadings. A hearing on the motions was held in Edenton, North Carolina on May 7, 2007.

## DISCUSSION

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *See Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (citations omitted).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her date of onset. At step two the ALJ found that Plaintiff suffered from severe obesity as well as degenerative knee and disk disease. The ALJ found at step three that none of Plaintiff's impairments met or equaled a listing. The ALJ then determined that Plaintiff possessed the residual functional capacity ("RFC") for a full range of sedentary work, involving sitting six

hours, walking or standing for two hours, and lifting around ten pounds. At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a cook. At step five, the ALJ used the medical-vocational rules (GRIDS) to determine whether work remained for Plaintiff in the national economy. Given Plaintiff's age (forty six), age, education, experience, and RFC, the GRIDS directed a finding of "not disabled." The ALJ consequently denied benefits.

On appeal, Plaintiff says the ALJ erred by: (1) not analyzing the First ALJ's findings in accordance with Fourth Circuit law and Social Security regulations; (2) not performing a "function by function" evaluation before determining Plaintiff's RFC; (3) improperly using non-compliance as grounds for denying benefits; and (4) incorrectly assessing Plaintiff's obesity as an impairment in the disability determination process.

Plaintiff first says the ALJ failed to evaluate the evidence in accordance with *Albright v. Commissioner*, 174 F.3d 473 (4th Cir. 1999) and the Social Security Acquiescence Ruling which implemented it. These authorities require a subsequent ALJ to consider any prior ALJ's findings regarding impairments which are likely to change during the time between successive disability applications. *Albright*, 174 F.3d at 477-78; Hearings, Appeals and Litigation Law Manual ("HALLEX") 1-5-4-66 (Dec. 19, 2002). The First ALJ found that Plaintiff suffered from severe hypertension, heart disease, obesity and joint disease. Three years later, the ALJ in this case concluded that Plaintiff suffered from severe obesity, joint and disk disease, but not from severe hypertension or heart disease. In making the latter determinations, the ALJ cited neither *Albright* nor the Acquiescence Ruling, and likewise omitted analysis of the First ALJ's factual findings. Plaintiff accordingly says the ALJ failed to account for the First ALJ's analysis, and to explain the apparent change in Plaintiff's condition from one claim to the next. The Government says

the ALJ satisfied *Albright's* requirements, or even that if the ALJ did not do so, the error was harmless.

The applicable Acquiescence Ruling interprets *Albright* in this way:

[d]ecisions in cases in which the [ruling] applies must refer to the [ruling] and include a rationale indicating what weight is being given a prior finding in light of all the relevant facts and circumstances. Decisions should discuss the type of fact (static or non-static) on which the prior finding was based.

HALLEX 1-5-4-66.

Formally speaking, Plaintiff is therefore correct – the ALJ in this case violated the ruling, in that he did not reference it in his discussion. Plaintiff is mistaken, however, about the error's significance. The ALJ's analysis reveals that he either disagreed with the First ALJ's hypertension and heart disease findings, or thought both conditions had improved during the time between her first and second applications. The ALJ directly addressed Plaintiff's congestive heart failure and hypertension in light of recent medical evidence. Records from 2000 and 2001 had both indicated that Plaintiff's hypertension was under control. Likewise, in 2001, Plaintiff's chest exam yielded normal results, and her treadmill stress test was negative. Plaintiff's angina was stable in 2002, and a 2003 lung exam was also normal. She was counseled throughout to exercise and to stop smoking. In light of this evidence, the ALJ concluded that neither heart disease nor hypertension diminished Plaintiff's ability to work as much as her joint disease, disk disease and obesity.[1] In that respect, the Second ALJ's decision included an adequate "rationale indicating" the weight to be given to the First ALJ's prior findings. *Id.*

Next, Plaintiff argues that the ALJ did not perform a separate function-by-function analysis of the Plaintiff's case before determining her RFC. In particular, Plaintiff says the ALJ

---

[1] Like the First ALJ, the Second ALJ found Plaintiff capable of performing a full range of sedentary work.

failed to consider her obesity, both alone and in combination with her other impairments. That argument is foreclosed by the record. As discussed above, the ALJ found that Plaintiff suffered from severe joint disease, disk disease, and obesity; his written decision separately evaluated each of these impairments. Tr. 21. Regarding the latter, the ALJ specifically discussed the effects of obesity, the applicable Social Security Rulings, and the extent to which Plaintiff's obesity impacted upon her ability to function. *Id.* The ALJ's pre-RFC discussion thus reveals no error.

Thirdly, Plaintiff says that the ALJ improperly applied 20 C.F.R. § 416.930. That provision, which the ALJ cited in his decision, requires claimants to take prescribed medications, provided that these have been shown to restore a claimant's ability to work; failure to follow such prescriptions without good reason will result in denial of benefits. 20 C.F.R. § 416.930 (a)-(c). Plaintiff argues that the ALJ rejected her claim pursuant to § 416.930, but without first concluding that her course of treatment would have restored her ability to work, or that her non-compliance was unjustified. *Id.*

That much assumes that non-compliance under § 416.930 was, in fact, the reason why the ALJ disallowed Plaintiff's claim. However, non-compliance under § 416.930 was not the sole basis for denying benefits here; as discussed above, the ALJ eventually rejected Plaintiff's claim because she could still perform a number of jobs available in the national economy. In any event, the ALJ cited § 416.930 in a paragraph which compared Plaintiff's subjective testimony to other evidence regarding the extent of her impairments. After summarizing Plaintiff's daily activities, non-compliance, and medical records, the ALJ found Plaintiff's subjective allegations "not entirely credible." Tr. 20-21. Among other things, the ALJ noted that Plaintiff had not followed her doctors' advice with respect to weight loss and smoking cessation. The ALJ thus incorrectly

cited § 416.930 in an otherwise properly supported evaluation of Plaintiff's testimony.

Plaintiff's final argument is that the ALJ did not discuss obesity as an impairment in the disability determination process. The ALJ's decision again refutes this contention. Upon reciting the relevant law, the ALJ concluded that in view of her height, weight and body mass index, Plaintiff should be considered obese under the regulations. Despite her obesity, however, the ALJ observed that as of late 2003, Plaintiff retained a full range of motion in her extremities, and could lift 20 pounds. Tr. 21. The ALJ thus properly considered Plaintiff's obesity, and its impact upon her ability to work.

## CONCLUSION

The Government's Motion is GRANTED, and the Plaintiff's Motion is DENIED. The decision below is AFFIRMED.

SO ORDERED, this _1_ day of August, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE